**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-5186**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENDAL RENARDO FIELDS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, Chief District Judge.  (2:08-cr-01154-DCN-1)

---

Submitted:  September 28, 2010      Decided:  September 30, 2010

---

Before WILKINSON, SHEDD, and DAVIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendal Fields pled guilty pursuant to a written plea agreement to one count of being a felon in possession of a firearm and ammunition. The district court imposed the statutory mandatory minimum sentence of 180 months in prison. Counsel for Fields filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting the guilty plea and whether the court fashioned a reasonable sentence. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Rule 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of the record reveals that the district court fully complied with the requirements and there was no plain error in accepting Fields' guilty plea.

A review of the record reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the

2

[g]uidelines range," is for abuse of discretion. Id. at 41. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Fields, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range, and weighing the relevant § 3553(a) factors. Because of the statutory mandatory minimum sentence, Fields' guidelines range became 180 to 188 months. Fields' 180-month sentence, which is the statutory sentence the district court was required to impose, may be presumed reasonable by this court. Pauley, 511 F.3d at 473. We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Fields, in writing, of the right to petition the Supreme Court of the United States for further review. If Fields requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Fields.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED